PONDER, Justice.
 

 There was no order to consolidate this suit with the suit of Superior Oil Producing Company et al. v. Richard Leckelt et al., 189 La. 972, 181 So. 462. However, the suits were treated together in the argument and the same points of law raised. We find that in the briefs of plaintiffs’ counsel and defendants’ counsel that they were treated together raising, the same issues. We also find in the transcript where it is stipulated by counsel for both 'sides that the evidence taken in Superior Oil Producing Company et al. v. Richard Leckelt et al., was to be considered as the record in this case, reserving to both sides the right to offer additional evidence. After a careful review of the record in this case, we find that the same legal questions are involved in this case as those raised in Superior Oil Producing Company et al. v. Richard Leckelt et al. Having recited the facts involved in this suit in detail and having disposed of the legal questions presented herein in our opinion this day handed down in Superior Oil Producing Comnany et al. v. Richard Leckelt et al., it would be unnecessary to again recite these facts and to again discuss these same legal questions.
 

 In this suit a similiar lease, power of attorney, and transfer of mineral rights, was executed by William Leckelt to E. A. Carmouche, Jr. However, in this case, prior to the execution of these instruments, William Leckelt had only disposed of one-half of his mineral rights. Therefore, the judgment of the lower court was correct in setting aside these instruments only in so far as they affected the rights of the plaintiffs.
 

 For the reasons assigned and the reasons this day handed down in Superior Oil Producing Company et al. v. Richard Leckelt et al., the judgment of the lower court is affirmed at appellants’ cost.